

# COPY

## Civil Courtroom Minutes

United States District Court
Southern District of Texas
FILED

OCT 15 2001

Michael N. Milby, Clerk of Court

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ■ Roberts    Lehrman |
| DATE | 10 / 15 / 01 |
| TIME | 3:30 p.m. — 4:00 p.m. |
| CIVIL ACTION | B - 01 - mc21 |
| STYLE | United States of America, et al. *versus* Eduardo Duran Garcia, et al. |

DOCKET ENTRY

(HGT)  Show Cause Hearing;      (Court Reporter: Breck Record)

Attorney(s) for Government:    Nancy L. Masso, AUSA

Attorney(s) for Respondent:    Lupe Olvera

■   <u>Rulings orally rendered on</u>: The judge denied the Petition to Enforce United States Customs Service Administrative Subpoena [Dkt. No. 1].

■   <u>Notes</u>:   Hearing held to show cause why Respondent should not be required to comply with Customs' Petition to Enforce United States Customs Service Administrative Subpoena [Dkt. No. 1].

   Initially, The AUSA stated that the person requesting production of documents bears the burden of presenting credible evidence, citing <u>U.S. v. Huckaby</u>, 776 F.2d 564 (5th Cir. 1985).

   Respondent was sworn in as a witness for direct exam by his atty. Respondent testified that he did not have any of the documents or files that Customs had subpoenaed.

   On cross-exam by the AUSA, Respondent stated again that he did not have any records. He stated that the invoice was given to Mr. Segura, a customs broker and that Mr. Segura handled any documents.

   The Judge then asked Respondent about his business. Respondent stated that he is in the

construction business. He also stated that sometimes he refers people who are buying cars.

The Judge instructed Respondent as to the penalties for misleading a tribunal and then again asked Respondent if he had any of the documents or files. Respondent responded that he did not have any documents or files.

The Judge then stated that as there was no evidence to controvert Respondent's statement that he had no documents, this would satisfy the Court.